UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMOGA HAKIM EL and
LATISHA MICHELLE EL,

        Plaintiff(s),        CASE NUMBER: 08-10227
                                    HONORABLE VICTORIA A. ROBERTS

v.

DTE ENERGY,

        Defendant(s).
_____/

## ORDER

**I.    INTRODUCTION**

Plaintiffs filed a *pro se* complaint against Defendant on January 15, 2008 (Doc. #1), followed by an Addendum on March 26 (Doc. # 7). From these documents, the Court gathers that Plaintiffs accuse Defendant of disconnecting Ms. Michelle El's electric and/or natural gas services in a discriminatory manner, on the basis of her status as a Moorish American.

According to an affidavit submitted by Laritta Black (Doc. #8), service was made on March 27, 2008, to a "D.T.E. Center, located on West 7 Mile, Detroit MI;" the Court does not know if this location is an agent authorized to receive service of process as defined by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(h). In any event, Defendant never answered Plaintiffs' complaint. On November 12, 2008, the Court issued an Order for Plaintiffs to show good cause why this action should not be dismissed for lack of prosecution (Doc. # 12). Plaintiffs' response, submitted on

1

December 8, states:

> Fact, only the Judge or the Magistrate has responded to the charges that DTE ENERGY has been brought up on. Fact this question was asked six months ago and we responded six months ago. Fact if DTE ENERGY doesn't respond and the Judge do that's the Judge practicing law from the bench. Last but least DTE ENERGY treats this Republic like a mobbocrecy. Meaning they didn't care about the contract, family or anything. They have violated the contract and continuously doing that they want to do. With that being said judgment should be in our favor, because we have submitted everything in a timely fashion. [sic].

(Doc. # 13).

Under Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order." In *Link v. Wabash Railroad Co.*, the Supreme Court explained that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 370 U.S. 626, 630-631 (1962) (footnote omitted). On appeal, the decision to dismiss for failure to prosecute is reviewed for abuse of discretion. *Wu v. T. W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

A key consideration in the appeals court's analysis is whether the district court supplies the parties with adequate notice that dismissal is imminent. *See id.* at 644 ("This court has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal") (internal quotations and citation omitted).

Despite Defendant's failure to answer their complaint, Plaintiffs took no action to

prosecute their case. When ordered to show cause for which the Court should not dismiss their action, Plaintiffs merely repeated their allegations, without taking steps to move their case forward.

In an exercise of caution, however, the Court allows Plaintiffs until the close of business on December 22, 2008, to take steps to prevent dismissal for lack of prosecution. If such steps are not taken, the Court will dismiss this case without prejudice.

**IT IS ORDERED.**


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 9, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Jamoga Hakim and Latisha Michelle by electronic means or U.S. Mail on December 9, 2008.

s/Carol A. Pinegar
Deputy Clerk