UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMOGA HAKIM EL and
LATISHA MICHELLE EL,

        Plaintiff(s),        CASE NUMBER: 08-10227
                                           HONORABLE VICTORIA A. ROBERTS

v.

DTE ENERGY,

        Defendant(s).
_____/

## ORDER DISMISSING ACTION WITHOUT PREJUDICE

Plaintiffs filed a *pro se* Complaint against Defendant on January 15, 2008 (Doc. #1), followed by an Addendum on March 26 (Doc. # 7). From these documents, the Court gathers that Plaintiffs accuse Defendant of discriminating against Ms. Michelle El because she is Moorish American. Plaintiffs also allege that Defendant committed fraud, improperly denied Ms. Michelle El's request for a hearing on the payment of her utility bills, and trespassed on her property by sending someone to disconnect her electric and/or natural gas services.

According to an affidavit submitted by Laritta Black (Doc. #8), service was made on March 27, 2008, to a "D.T.E. Center, located on West 7 Mile, Detroit MI." The Court does not know if this location is an agent authorized to receive service of process as defined by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(h). In any event, Defendant never answered Plaintiffs' Complaint. Despite this, Plaintiffs took no action to prosecute their case, which has been languishing before the Court since it was filed.

On November 12, 2008, the Court issued an Order for Plaintiffs to show good

1

cause why this action should not be dismissed for lack of prosecution (Doc. #12). Plaintiffs's response stated only that Defendant "treats this Republic like a mobbocrecy. Meaning they didn't care about the contract, family or anything. They have violated the contract and continuously doing that they want to do." (Doc. #13.) The Court gave Plaintiffs until December 22 to prosecute their case, failing which it would be dismissed without prejudice (Doc. #14). *See Wu v. T. W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (emphasizing that a district court must "put the derelict parties on notice" prior to dismissing a case for failure to prosecute). Although timely filed, Plaintiffs' response once again restates their allegations while failing to move the case forward (Doc. #16).

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order."

> The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962) (footnote omitted). On appeal, the decision to dismiss for failure to prosecute is reviewed for abuse of discretion. *Wu*, 420 F.3d at 643.

Plaintiffs have now had two chances to prosecute their case in view of Defendant's failure to answer their Complaint. Plaintiffs have not taken advantage of either opportunity, and therefore, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**IT IS ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: December 23, 2008**

> **The undersigned certifies that a copy of this document was served on the attorneys of record and pro se plaintiffs by electronic means or U.S. Mail on December 23, 2008.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**